## DISERENS v. ROSS.
### No. 12400.

Court of Civil Appeals of Texas. Galveston
Oct. 16, 1952.

Rehearing Denied Oct. 30, 1952.

Bernard Kay, Houston, of counsel, Allan H. Kottwitz, attorney, Houston, for appellant.

Andrews, Kurth, Campbell & Bradley, John E. Cook, Raymond A. Cook, Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 11th District Court of Harris County, Honorable Ben Moorhead, Judge, presiding, with a jury, sustaining the appellee E. P. Ross, Jr.'s motion therefor, and instructing the jury to return a verdict in his favor against the appellant, in her suit against him therein.

Appellant, Miss Diserens, had therein sued the appellee, Mr. Ross, Jr., for a real estate dealer's commission of $3,298.73, as

5% of $65,974.65, as the selling price of a tract of land in Harris County she alleged she had sold for him, under a written contract of such an agency from him to her, which had been entered into by them on August 2nd of 1948. The jury promptly returned a directed verdict against the appellant, who herein protests against the judgment so arrived at below against her.

In material substance, she presents for consideration by this Court these four points-of-error:

### First

The trial court erred in instructing the verdict for appellee, in view of the sufficiency of evidence in the record to go to the jury to the effect that the appellant was the procuring and efficient cause of the sale of the property.

### Second

That the formation of Cam Realty Company, a corporation, was not an independent and intervening act, or agency, such as to cut off Ora Diserens from being the producing and efficient cause of the sale.

### Third

Appellant Ora Diserens', right of recovery is not dependent upon the knowledge of E. P. Ross, Jr., appellee, that C. B. Archer, the prospect procured by the appellant, was the instigator for and stockholder of Cam Realty Company, which ultimately purchased the subject property.

### Fourth

The Court erred in instructing the verdict, because there was sufficient evidence in the record to have made a fact-issue on the points, as set out in appellee's motion for instructed verdict, paragraphs 1, 2, 3, 4, 5 and 6.

In the state of the record, none of these presentments, it is determined, should be sustained.

The trial court neither filed any findings-of-fact or law in support of its judgment, nor were any requested by either side; but this Court's study of the record on the appeal convinces it that there was sufficient, if not indeed undisputed, evidence for it to at least have made these specific findings, to wit:

(1) According to the undisputed evidence, appellant did not procure a purchaser for the property in question by August 15, 1948, the time limit set forth in the contract.

(2) According to the undisputed evidence, appellee did not sell to a person designated to him as one with whom appellant had had negotiations.

(3) According to the undisputed evidence, appellant was not the efficient and procuring cause of the sale made by appellee.

Other like findings might be specifically enumerated, but it is deemed enough to further recite that the written contract, so declared upon, obligating the appellee to pay the appellant a stated commission, was expressly a provisional one, based wholly upon whether or not certain conditions were met; it is plain to this Court, as recited supra, that the state of the record required the trial court to make the finding it did that the conditions were not met. In boiled-down effect, the contract provided that appellant would be entitled to 5% commission, if: (1) she procured a purchaser for appellee's property by August 15, 1948, (2) if appellee sold or contracted to sell the property within ninety days after termination of the agreement, to any person with whom appellant had had negotiations for the sale of it, and of which negotiations the appellee had been advised during that time; (3) the written contract bore the date, "Houston, Texas, 8–2, 1948"; it then recited this:

"In consideration of your listing for sale in your office the real estate located at Eli Noland Survey Street, Houston, Texas, and further described on reverse side of this sheet, and of your efforts to find a purchaser for the same, I grant you the exclusive right to sell or contract to sell said real estate for a period of until Aug. 15, 1948, from date hereof, for the price and upon the terms stated upon the reverse side of this sheet, * * ";

(4) appellant was asked the question, "You did not sell it prior to August 15th, 1948, did you?", to which she answered, "I did not sell it."

■ There was no dispute between the parties either as to the terms of the contract, or what was done under them, as the entire record discloses. Indeed, although the record does not expressly show that the trial court found them to have been the essence of the written contract, this Court, considering the plainness of its stated terms, in connection with the evidence as to the actions of both parties under it, sees no reason for not holding that such time of compliance was of its essence.

■ To the contrary of all of appellant's claimed dealings and actions under such contract, the undisputed evidence showed that the appellee, subsequent to August 15, 1948, and entirely independent of the appellant and whatever effort she had made within the time she had, i. e., until August 15, 1948, by written option, contracted to sell the land involved to Hugh January, receiving $500 cash for the option; that thereafter, on November 4, 1948, he deeded the property to the Cam Realty Company, a private corporation, of which A. C. Hutcheson was president, and I. R. Deutser was treasurer.

The undisputed evidence further showed that such sale as finally so consummated by the appellee, had not been made to any person with whom the appellant had had any negotiations concerning it at any time. This undisputed state of the record makes it wholly immaterial that appellant had on August 31, of 1948, advised the appellee that she had had negotiations looking to the sale of such property with the Archer Development Company. Since there is neither proof nor claim that Hugh January, the person to whom the appellee had given an option to buy on September 4th of 1948, fifteen days after appellant's contract had expired, there being neither proof nor claim that Hugh January had been representing either C. B. Archer, or the Archer Development Company, with whom the appellant claimed to have been negotiating concerning the property, albeit such negotiations were not even claimed to have occurred until after August 15th of 1948, the date of expiration of appellant's contract.

■ Moreover, the sale so completed by appellee was to a private corporation, i. e., Cam Realty Company, which, under our law, was a legal entity separate and distinct from its individual members. In no event, therefore, could a sale to it have been considered a sale to individual persons, even if the appellant had been shown to have been dealing with them; Vol. 1, Hildebrand, Texas Corporations, P. 21; Vol. 1., Fletcher, Cyclopedia Corporations, Sec. 24.

It is not deemed indispensable that discussion be had concerning the authorities appellant cites and relies upon, since, in the stated opinion of this Court, they apply to states of fact entirely different from the indicated ones, which must rule this cause.

The judgment of the trial court will be affirmed.